IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD DRAUGHN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:25-cv-04789-JDW |
| | : | |
| PATRICK CARMODY, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

Reginald Draughn challenges his involuntary commitment at the Norristown State Hospital. I will grant him leave to proceed *in forma pauperis* and dismiss the Complaint.

## I.  FACTUAL ALLEGATIONS[1]

Mr. Draughn is confined on the Forensic Unit at Norristown State Hospital for purposes of evaluating his competency, in connection with criminal charges pending against him in Chester County, *Commonwealth v. Draughn*, No. CP-15-CR-0002835-2021 (C.P. Chester).[2] He asserts claims against Patrick Carmody, the judge presiding in *Commonwealth v. Draughn*, and Daniel Hollander, his court-appointed attorney. Public dockets reflect that the Chester County Common Pleas Court appointed Mr. Hollander as

---

[1] Where I quote from *pro se* submissions, I clean up punctuation, spelling, and capitalization errors as necessary.

[2] Mr. Draughn has filed three other complaints in connection with his commitment at Norristown State Hospital: *Draughn v. Norristown State Hosp.*, Civ. A. No. 25-3662 (E.D. Pa.); *Draughn v. Norristown State Hosp.*, Civ. A. No. 25-4330 (E.D. Pa.); and *Draughn v. Norristown State Hosp.*, Civ. A. No. 25-4609 (E.D. Pa.).

Mr. Draughn's attorney on April 14, 2025, and that on May 2, 2025, Judge Carmody ordered Mr. Draughn transferred from Chester County Prison to Norristown State Hospital for 60 days. *Draughn*, No. CP-15-CR-0002835-2021.

On August 7, 2025, Judge Carmody issued a second commitment order, directing that Mr. Draughn be committed at Norristown State Hospital for 30 days. Mr. Draughn attaches what appears to be that Order to his Complaint. It directs the Sheriff of Chester County to transfer Mr. Draughn from Chester County Prison to Norristown State Hospital "to determine [Mr. Draughn's] competency to proceed" in his criminal case. (ECF No. 2 at pp. 8-9.) The order indicates that it was issued "upon agreement of Defense Counsel, Daniel Hollander, Esquire, and the Commonwealth, through Annie Yoskowski, Assistant District Attorney[.]" (*Id.* at p. 8.)

Mr. Draughn appears to claim that on April 14, 2025, he was "supposed to be released" after I purportedly issued an order dismissing his criminal case, but that Judge Carmody "ignored" the order.[3] (*Id.* at 4-5.) Instead, "Judge Carmody and Attorney Hollander took over" and Mr. Draughn was "abruptly uprooted and transferred [from Chester County Prison] to [the] Norristown State Hospital forensic unit." (*Id.* at 5.) While

---

[3] I issued no such order. In fact, in response to his numerous motions filed in other cases pending before this court seeking dismissal of *Commonwealth v. Draughn*, I advised Mr. Draughn that I "cannot and will not intervene in the criminal proceedings against him in state court." *Draughn v. McCabe*, Civ. A. No. 25-0531 (E.D. Pa.) (ECF No. 60 at 1-2). Nevertheless, Mr. Draughn recently filed yet another motion to dismiss his criminal case.

2

at Norristown State Hospital, Mr. Draughn alleges he was "forced to take medication and [is] still confined to a prison setting." (*Id.*)

It seems that Mr. Draughn alleges that Judge Carmody violated his civil rights by ordering him involuntarily committed to Norristown State Hospital and that Mr. Hollander violated his rights by agreeing to the commitment order. Mr. Draughn filed a motion in this case seeking dismissal of *Commonwealth v. Draughn*, so I also understand Mr. Draughn's Complaint to seek injunctive relief related to the pending criminal proceedings.

## II.     STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S.

3

at 678. When a plaintiff is proceeding *pro se*,, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

## III. DISCUSSION

### A. *In Forma Pauperis*

Mr. Draughn has submitted papers suggesting that he is unable to pay the required filing fees. He hasn't submitted a prison account statement, but it's not clear that he can get one while at Norristown State Hospital. I will therefore excuse that requirement and grant him leave to proceed *in forma pauperis*.

### B. Plausibility Of Claims

Mr. Draughn brings his claims pursuant to § 1983, the vehicle by which federal constitutional claims may be brought in federal court.[4] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element. Thus, a plaintiff must allege how each defendant was involved in the

---

[4] Mr. Draughn also checks the box in the Court's form complaint for *pro se* litigants to assert civil rights claims indicating he alleges claims pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However, because no federal defendant is named in the Complaint, Mr. Draughn has no basis to assert a *Bivens* claim.

events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

### 1. Judicial immunity

Judges like Judge Carmody are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). An judge acts in his judicial capacity if the act is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally … where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quotation omitted). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Judicial immunity applies to claims for monetary and injunctive relief. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*). Because Judge Carmody's acts at issue are acts that he took in his judicial capacity, in an action in which he had jurisdiction, Mr. Draughn's § 1983 individual capacity claim against Carmody is not plausible.

### 2. Claims against Mr. Hollander

An attorney performing the traditional functions of counsel—whether privately retained, court-appointed, or a public defender—is not a state actor for purposes of § 1983. *See Gannaway v. Stroumbakis*, 842 F. App' x 725, 730 (3d Cir. 2021) (*per curiam*). Additionally, "attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). Therefore, the claims against Mr. Hollander are not plausible.

## IV. CONCLUSION

I will dismiss all of Mr. Draughn's claims in this case. As I have noted before, and as I remind Mr. Draughn now, **I will not intervene in the state criminal case against him**. Because there's no factual allegation that Mr. Draughn could make that would salvage his claims, I will dismiss the Complaint with prejudice.

BY THE COURT:

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

September 30, 2025